# In the United States Court of Federal Claims

No. 20-822C
(Filed: November 10, 2020)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| | * | |
| **DOE NO. 1 et al.**, | * | |
| | * | **Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.; Class Action, Rule 23(c)(2)(B); Conditional Class Certification; Proposed Notice to Potential Class Members; Attorneys' Fees.** |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| **THE UNITED STATES**, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

Linda Lipsett and Jules Bernstein, Bernstein & Lipsett, P.C., 1130 Connecticut Avenue, N.W., Suite 950, Washington, D.C. 20036, for Plaintiffs. Daniel M. Rosenthal and Alice Hwang, James & Hoffman, P.C., 1130 Connecticut Avenue, N.W., Suite 950, Washington, D.C. 20036, Of Counsel.

Rafique O. Anderson, Reginald T. Blades, Jr., Robert E. Kirschman, Jr., and Jeffery Bossert Clark, United States Department of Justice, Civil Division, P.O. Box 480, Ben Franklin Station, Washington, D.C. 20044, for Defendant. Monica L. Hansen and Eric Huang, Federal Bureau of Investigation, 935 Pennsylvania Avenue, N.W., Room 10140, Washington, D.C. 20535, Of Counsel.

---

**ORDER GRANTING CONDITIONAL CLASS CERTIFICATION
AND DENYING APPROVAL OF PROPOSED NOTICE
TO PROSPECTIVE CLASS MEMBERS**

---

**WILLIAMS**, Senior Judge.

This matter comes before the Court on Plaintiffs' unopposed motion seeking conditional certification of a class of federal employees under the Fair Labor Standards Act ("FLSA") as well as approval of a Notice to potential class members. Plaintiffs seek to bring FLSA claims on their own behalf and on behalf of the following class of federal employees:

> all past or present . . . employees [of the Federal Bureau of Investigation ("FBI")] who occupied the Staff Operations Specialist position as GS-11 and/or GS-12s at any time from three years prior to the date the notice is issued to May 11, 2019, and who were not plaintiffs in Doe No. 1, et al. v. United States, Case No. 19-152C.

For the reasons stated below, Plaintiffs' motion is granted in part.

**Conditional Class Certification**

Conditional FLSA class certification is the first step in the two-step approach adopted by this Court for deciding class certification motions under the FLSA. See Whalen v. United States, 85 Fed. Cl. 380, 383-84 (2009); Gayle v. United States, 85 Fed. Cl. 72, 77 (2008). Conditional class certification "facilitates the opt-in process by requiring the defendant to produce the names and addresses of employees in the proposed class and by settling the form of the notice to be distributed to the class." Barry v. United States, 117 Fed. Cl. 518, 521 (2014).

At this first stage, the Court makes a "preliminary determination of whether the plaintiffs were subject to a common employment policy or plan." Whalen, 85 Fed. Cl. at 383. Plaintiffs need to make a "modest factual showing, based on the pleadings, affidavits, and other available evidence, that potential class members are similarly situated," i.e., that they share "common issues of law and fact arising from the same alleged [prohibited] activity." Barry, 117 Fed. Cl. at 521 (internal quotation marks omitted). If the Court conditionally certifies a class, then after discovery, the Government has an opportunity to seek decertification "on the ground that the plaintiffs are not in fact similarly situated." Id. at 520 (quoting Whalen, 85 Fed. Cl. at 383).

Plaintiffs have met their burden here. As in Barry, Plaintiffs have sufficiently alleged that the members of the proposed class occupied the same positions in the same job series under the General Schedule, during the same time frame, and did not receive overtime pay at the FLSA-required rate of time and one-half their regular rate. Compl. ¶¶ 1-3, ¶¶ 23-24; Barry, 117 Fed. Cl. at 521-22. The Government does not dispute that Plaintiffs have made the requisite "'modest showing' that the proposed collective members are similarly situated." Certification Mot. 3.

**Notice**

Under Rule 23(c)(2)(B), this Court "must direct to class members the best notice that is practicable under the circumstances." Because the Notice is to be court-approved, it must "avoid even the appearance of judicial endorsement of the merits of the action." Whalen, 85 Fed. Cl. at 389 (quoting Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 174 (1989)). While it is appropriate for the Notice to include fee arrangements that may impact potential Plaintiffs, the Notice should not contain provisions which might be interpreted as a premature judicial endorsement of either the merits of the action or a fee award. See, e.g., Whalen, 85 Fed. Cl. at 389 ("[T]he notice must inform potential plaintiffs of any arrangement that [representative Plaintiffs] have with counsel regarding attorney's fees and litigation costs '[b]ecause the fee structure may impact on [an] "opt-in" [p]laintiff's recovery.'" (quoting Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 324 (S.D.N.Y. 2007))). Here, the Notice represents to potential class members that counsel will deduct a 25 percent contingency fee from the employees' recovery even if counsel recover fees under the FLSA. ECF No. 17, Ex. A, at 3. Specifically, the proposed Notice states that potential Plaintiffs will be "bound by a retainer agreement," which provides for a 25 percent contingency fee deducted from "any settlement or judgment in plaintiffs' favor." Id.[1] Further, the proposed Notice advises Plaintiffs that "[a]ny fees recovered from the United States under the

---

[1] The proposed Notice provides a link to Plaintiffs' attorneys' retainer agreement. ECF No. 17, Ex. A, at 3. Attached to the Notice is a Consent to Join Form that states that potential Plaintiffs "consent to be bound by the retainer agreement signed by the plaintiffs." Id. at 5.

FLSA will not offset or otherwise reduce the 25 percent contingency fees that will be deducted from any recovery." Id.

Such a fee provision in a Notice is premature and goes too far. Only after a litigation has run its course may legal fees be recovered and awarded under the FLSA. Specifically, the FLSA requires courts to "allow a reasonable attorney's fee to be paid by the defendant" if plaintiffs prevail. 29 U.S.C. § 216(b). "A class member, or a party from whom payment is sought, may object" to a motion for attorneys' fees. RCFC 23(h)(2). In the event of a dispute, the Court "must find the facts and state its legal conclusions" and may convene a hearing in determining a fee award. RCFC 23(h)(3).

Lending a judicial imprimatur to Plaintiffs' proposed fee provision at this early juncture of the litigation without affording parties an opportunity to be heard would be imprudent. This fee provision in the Notice could be determined to contravene the purpose of the FLSA to provide workers with the full wages they earned without burdening employees to pay legal fees to recoup such earnings. As the District Court for the Eastern District of California recognized:

> The point of a fee-shifting provision in a statute like the FLSA is to ensure that the burden of enforcing federal labor law does not fall on the employees, and to put the burden on employers to ensure they promptly pay what is legally owed without plaintiffs being saddled with attorneys' fees. See Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (noting the purpose of the FLSA was "to protect all covered workers from substandard wages and oppressive working hours"); Fegley v. Higgins, 19 F.3d 1126, 1134 (6th Cir. 1994) ("The purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.") (internal quotation omitted); Peak v. Forever Living Prods. Int'l, Inc., No. CV 11-903-PHX-SRB, 2011 WL 13174334, at *8 (D. Ariz. Sept. 30, 2011) ("Because the FLSA was intended to provide workers with the full compensation due under the law, requiring a claimant to pay attorney's fees incurred to enforce his FLSA rights would frustrate the statute's underlying purpose.") (quoting McBurnie v. City of Prescott, No. CV-09-8139-PCT-FJM, 2010 WL 5344927, at *2 (D. Ariz. Dec. 22, 2010)).

Kerzich v. County of Tuolumne, 335 F. Supp. 3d 1179, 1188 (E.D. Cal. 2018).

## Conclusion

Plaintiffs' unopposed Motion for Conditional Certification and Notice is **GRANTED IN PART**.[2]

---

[2] On October 6, 2020, Plaintiffs filed an unopposed Motion for Leave to File Notices of Additional Consents. ECF No. 18. Plaintiffs' motion is **GRANTED**. Plaintiffs' counsel may add additional individuals as party-Plaintiffs by filing Notices of Party-Plaintiffs and their Consent to Sue Forms. Defendant does not waive its right to object to inclusion of a Plaintiff in the collective, and the Court makes no finding at this juncture as to the legal rights of designated party-Plaintiffs to maintain this action.

Because approval of the proposed Notice may be viewed as a premature endorsement of Plaintiffs' counsel's fee instruction, approval of the proposed Notice is **DENIED**.  Plaintiffs shall file a revised proposed Notice consistent with the above ruling.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**
